UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERIA,<br><br>                             Plaintiff,<br><br>v.<br><br>CECILIA VELASQUEZ-SALAZAR,<br><br>                             Defendant. | Case No.: 17cr576-CAB<br><br>**FINDINGS OF FACT AND DECISION PURSUANT TO Fed.R.Crim.P. 23(c)** |

The United States charged defendant Cecilia Velazquez-Salazar in a one-count information with transportation of certain aliens for financial gain and aiding and abetting, in violation of Title 8 U.S.C. §§ 1324 (a)(1)(A)(ii), (a)(1)(A)(v)(II) and (a)(1)(B)(i). [Doc. No. 22.] On July 10, 2017, the defendant submitted her written waiver of her right to jury trial with the government's consent, so the matter proceeded to a bench trial, pursuant to Federal Rule of Criminal Procedure 23. [Doc. No. 64.]

The Court makes the following findings of fact. On February 8, 2017, a United States Border Patrol agent, operating an infrared scope, was observing an area approximately one mile northeast of the Tecate, California Port of Entry. This area is known to Border Patrol as an area commonly used by illegal aliens waiting to be picked up for further transport into the United States. The agent observed a sport utility vehicle driving in the area and saw two individuals enter the vehicle. As the vehicle left the area

1

on State Route 188, the agent radioed to other agents in the area the description of the vehicle.

Border Patrol Agent Robert Godreau identified the vehicle, a Jeep, and followed the vehicle from Route 188 onto State Route 94 eastbound. Agent Godreau followed the vehicle for some time observing a female driver and a female passenger, but he could not see any other occupants. Agent Godreau believed the Jeep to be the sport utility vehicle described on the radio call as having picked up the two individuals. He also observed the driving pattern of the vehicle to be erratic in a manner that, based upon his experience, he found common to smuggling activity. Agent Godreau pulled the Jeep over and upon approaching the vehicle observed two individuals in the rear seat of the Jeep attempting to conceal themselves.

Agent Godreau questioned the driver who was identified as Soledad Natividad Gonzalez and the front seat passenger who was identified as the defendant Velazquez. Agent Godreau also questioned the two passengers in the back seat. Both of the back seat passengers reported to the agent that they were aliens without lawful right to be in the United States. One of those back seat passengers was later identified as Nahum Perez-Vega. The driver Gonzalez told Agent Godreau the back seat passengers were family members of the defendant. The defendant told the agent the passengers were family members of the driver Gonzalez.

Perez-Vega also admitted to Border Patrol Agent Alfonso Vazquez in a subsequent interview at the Campo Border Patrol station that he entered the country illegally. Agent Vazquez however testified that Perez-Vega was evasive in response to questions about whom he may have been paying to be smuggled, and how much.

Following the defendant's arrest, Velazquez entered into a stipulation admitting that she knew, or was in reckless disregard of the fact, that the passengers in the vehicle were aliens not lawfully in the United States. Trial Ex. 1 [Doc. No. 26]. Velazquez also stipulated that the aliens were paying an unknown amount to others to be brought into the United States illegally and/or transported illegally to their destinations. *Id*.

To prove the defendant guilty of a violation of 8 U.S.C. § 1324, transportation of certain aliens and aiding and abetting, the government must establish beyond a reasonable doubt that,

1. A person named in the count of the information, in this case specifically Nahum Perez-Vega, was an alien;
2. Perez-Vega was not lawfully in the United States;
3. Velazquez knew or acted in reckless disregard of the fact the Perez-Vega was not lawfully in the United States; and
4. Velazquez knowingly transported or moved Perez-Vega in order to help him remain in the United States illegally.

The evidence at trial as well as the defendant's stipulation of facts established that at the relevant time, Perez-Vega was an alien with no lawful right to be in the United States. Defendant was a passenger in a vehicle that picked up Perez-Vega and transported him a distance from the pickup location, and defendant admitted she knew he was an alien with no lawful right to be in the United States. The evidence further established that Perez-Vega was picked up in area known to Border Patrol as common pick-up location for aliens. The Court finds that defendant knowingly participated in the transportation of Perez-Vega to help him remain the United States illegally. The Court, therefore, finds the defendant guilty of a violation of 8 U.S.C. § 1324 (a)(1)(A)(ii).

The government also charged Velazquez of acting for the purpose of commercial advantage or private financial gain, in a violation of 8 U.S.C. § 1324 (a)(1)(B)(i). The government however did not establish that Velazquez personally intended to derive a financial benefit from the transport of Perez-Vega. *United States v. Munoz*, 412 F.3d 1043, 1046 (9th Cir. 2005). Velazquez stipulated to the fact that Perez-Vega was "paying an unknown amount to others to be brought into the United States illegally and/or transported illegally to [his] destination therein." [Doc. No. 63.] Velazquez did not, however, admit that she knew, prior to her involvement, that Perez-Vega was paying someone else, or that she had any connection to that unknown person. The government

offered no evidence to establish that Velazquez was aware at the time of the transport of any financial arrangement or that she was knowingly assisting someone else who was getting financial gain.

Consequently, the government did not met its burden on this special finding that Velazquez acted for financial gain either as a principal or by knowingly aiding and abetting another who was receiving financial gain.  The Court therefore finds the defendant not guilty of a violation of of 8 U.S.C. § 1324 (a)(1)(B)(i).

**IT IS SO ORDERED**.

Dated:  July 10, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge